IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SERVANDO VEGA CERVANTES, #48832-177, | § § | |
| MOVANT, | § § | |
| v. | § § § | CIVIL CASE NO. 3:19-CV-1384-B-BK (CRIMINAL CASE NO. 3:14-CR-488-B-1) |
| UNITED STATES OF AMERICA, RESPONDENT. | § § § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Servando Vega Cervantes' *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 was referred to the undersigned United States Magistrate Judge for case management, including the issuance of findings and a recommended disposition. For the reasons outlined here, Cervantes' Section 2255 motion should be **DISMISSED WITH PREJUDICE** as time barred.[1]

**I. BACKGROUND**

In 2015, Cervantes pled guilty to three counts of production of child pornography and, on May 6, 2016, was sentenced to an aggregate prison term of 1,080 months (three consecutive 360-month terms) and a five-year term of supervised release on each count. Crim. Doc. 66. His direct appeal was dismissed on the Government's motion to enforce the appellate waiver in the Plea Agreement. *United States v. Cervantes*, No. 16-10580 (5th Cir. Nov. 15, 2016); Crim. Doc.

---

[1] *See* Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS ("If it plainly appears from the motion and any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.").

75.

It was not until June 7, 2019—well over two years later—that Cervantes filed the instant Section 2255 motion. Doc. 1. As relevant here, Cervantes relies on equitable tolling in an attempt to overcome the one-year statute of limitations. The Government has filed a response in opposition, Doc. 10, and Cervantes has filed a reply, Doc. 13.

The Court concludes that equitable tolling is not warranted under the facts presented here. *See Petty*, 530 F.3d 361, 365 (party seeking equitable tolling has burden of showing entitlement to such tolling). Consequently, Cervantes cannot overcome the limitations bar and his Section 2255 motion should be dismissed.

## II. ANALYSIS

### A. One-Year Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for federal inmates seeking post-conviction relief under 28 U.S.C. § 2255. *See* 28 U.S.C. § 2255(f). Cervantes does not allege any facts that could trigger a starting date under Sections 2255(f)(2)-(4), so the limitations period began to run when his judgment of conviction became final. *See* Section 2255(f)(1). Cervantes' direct appeal was dismissed on November 15, 2016, Crim. Doc. 75, and he did not file a petition for a writ of certiorari. Thus, his judgment of conviction became final on February 13, 2017—when the time to file a certiorari petition expired. *See Clay v. United States*, 537 U.S. 522, 527 (2003). The one-year period for filing a Section 2255 motion expired on February 13, 2018, and, as such, Cervantes' Section 2255 motion—deemed filed on May 29, 2019—is time-barred absent equitable tolling.[2]

---

[2] The Section 2255 is deemed filed on May 29, 2019, the date on which Cervantes signed it and likely also handed it to prison officials for mailing. Doc. 1 at 10. *See* Rule 3(d) of the RULES

### B. Equitable Tolling

Equitable tolling is an extraordinary remedy limited to "rare and exceptional circumstances." *United States v. Wheaten*, 826 F.3d 843, 851 (5th Cir. 2016). A movant is only entitled to equitable tolling if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quotations and quoted case omitted); *Menominee Indian Tribe of Wis. v. United States*, — U.S. —, 136 S. Ct. 750, 756 (2016) (reaffirming "that the second prong of the equitable tolling test is met only where the circumstances that caused a litigant's delay are both extraordinary *and* beyond its control") (emphasis in original).

> Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights. [T]he principles of equitable tolling . . . do not extend to what is at best a garden variety claim of excusable neglect. Unfamiliarity with the legal process does not justify equitable tolling.

*United States v. Kirkham*, 367 Fed. Appx. 539, 541 (5th Cir. 2010) (per curiam) (internal citations and quotation marks omitted).

Equitable tolling requires a litigant to pursue his rights with "reasonable diligence, not maximum feasible diligence." *Holland*, 560 U.S. at 653 (internal citations and quotation marks omitted). However, federal courts have "repeatedly emphasized that equitable tolling is not available to 'those who sleep on their rights.'" *Wickware v. Thaler*, 404 Fed. Appx. 856, 861 (5th Cir. 2010) (quoted case omitted). In evaluating "when an attorney's conduct may amount to extraordinary circumstances, the Supreme Court has differentiated between garden variety claims of excusable neglect, such as a simple miscalculation that leads a lawyer to miss a filing

---

GOVERNING SECTION 2255 PROCEEDINGS (applying the "mailbox rule" to inmates who use jail/prison's mail system).

deadline, which do not warrant equitable tolling, and abandonment by counsel." *Wheaten*, 826 F.3d at 852 (*comparing Maples v. Thomas*, 565 U.S. 266, 282-83 (2012), *with Holland*, 560 U.S. at 651-52).

Here, Cervantes avers that (1) his appellate counsel failed to notify him timely of the November 15, 2016 dismissal of his direct appeal, (2) neither counsel for the government nor the United States Court of Appeals for the Fifth Circuit communicated to him that his direct appeal was dismissed, and (3) appellate counsel essentially "abandoned [him] without notice." Doc. 1 at 7; Doc. 2 at 3; Doc. 13 at 2.  After hearing nothing from counsel, Cervantes sough a status update from this Court by a motion dated August 30, 2018.  Doc. 2 at 33; Crim. Doc. 76 at 1.  On September 11, 2018, the same day Cervantes' motion was filed, the Clerk of the Court responded, enclosing a copy of the Court of Appeals' judgment and mandate issued nearly two years earlier.  Crim. Doc. 76 at 3.  Cervantes avers that he wrote one of his appellate attorneys on October 2, 2018, asking why he had not received the court's decision and requesting his file, but that counsel did not respond.  Doc. 2 at 36.  Several months later, on March 6, 2019, Cervantes filed a *pro se* motion to recall the mandate, which was denied.  *See United States v. Cervantes*, No. 16-10580 (5th Cir. March 19, 2019).  And, as stated previously, on May 29, 2019, Cervantes filed his Section 2255 motion.

Cervantes' arguments for equitable tolling are unpersuasive.  Doc. 2 at 4-5.  Even assuming that Cervantes' appellate counsel failed to notify him timely of the outcome of his direct appeal, such failure amounts to garden-variety negligence.  *Holland*, 560 U.S. at 651; *see also United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002)) ("'[M]ere attorney error or neglect is not an extraordinary circumstance such that equitable tolling is justified.'") (quoting *Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002)).  Moreover, appellate counsel's conduct

does not amount to the type of abandonment that previously has been found to constitute an extraordinary circumstance justifying equitable tolling. *Cf. Maples*, 565 U.S. at 281-83 (movant's attorney "failed to communicate with [movant] over a period of years" and "did not in fact represent the movant in any capacity whatsoever during the movant's period for filing an appeal"). Cervantes has not shown that he "was abandon[ed] by counsel" during his direct appeal, as he contends, Doc. 2 at 4, instead offering only evidence that, at most, counsel was simply negligent in failing to inform him of the outcome of the appeal. And Cervantes' assertion that counsel failed to oppose the Government's *Motion to Dismiss* the appeal, Doc. 2 at 4, is wholly belied by *Appellant's Brief*, in which counsel argued the applicability of the miscarriage of justice exception to the appellate waiver.

      Based on the foregoing, Cervantes has failed to establish that extraordinary circumstances actually *prevented him* from timely filing his Section 2255 motion. More specifically, Cervantes has not shown how counsel's failure to notify him of the dismissal of his appeal amounted to egregious behavior or prevented Cervantes, in some extraordinary way, from timely asserting his rights. *See Wheaten*, 826 F.3d at 852 ("[C]ounsel's failures cannot be said to have 'stood in his way and prevented timely filing' of his § 2255 motion."); *O'Veal v. Davis*, 664 Fed. Appx. 355 (5th Cir. 2016) (per curiam) (denying equitable tolling due to counsel's failure to notify the petitioner that his appeal had been dismissed because the petitioner "ha[d] not pointed to any authority suggesting that an attorney's failure to notify a defendant of the status of his case rises to the level of an extraordinary circumstance that prevents the defendant from timely filing a federal habeas petition").

      Further, Cervantes alleges no other external impediment. Nor has he demonstrated that he was reasonably diligent in pursing his habeas rights. He concedes waiting until August 2018,

nearly two years after he was mailed the September 16, 2016 *Appellant's Brief* which discussed the Government's attempt to enforce the appellate waiver, before contacting the District Clerk for a status update.  *See Lopez v. United States*, 512 Fed. Appx. 1001, 1004 (11th Cir. 2013) (per curiam) (denying equitable tolling because movant was not reasonably diligent in his efforts to ascertain the disposition of his direct appeal before filing his untimely Section 2255 motion).

This also is not a case in which the petitioner attempted to obtain information from his counsel but was repeatedly ignored or misled by his attorney.  *See Holland*, 560 U.S. at 653. Indeed, Cervantes offers no explanation for writing to his own counsel only after receiving the District Clerk's response that his appeal had been dismissed.  *See O'Veal*, 664 Fed. Appx. 355, 357 (concluding prisoner was not diligent because he failed to contact appellate counsel about the status of his appeal); *Lewis v. Cockrell*, 33 Fed. Appx. 704, at *4 (5th Cir. 2002) (per curiam) (same); *see also Palacios v. Stephens*, 723 F.3d 600, 606 (5th Cir. 2013) (finding failure to inquire sooner a balancing circumstance to determine whether inmate was diligent and, thus, entitled to equitable tolling).

It is well established that extended periods of inactivity and unexplained delays, as in this case, do not evince due diligence or rare and extraordinary circumstances.  *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999) (concluding "equity is not intended for those who sleep on their rights" (quotation and quoted case omitted)).  As further evidence of Cervantes' lack of diligence, he waited more than eight months after being informed by the District Clerk of the dismissal of his direct appeal before mailing his Section 2255 motion.  Again, Cervantes offers no explanation for this delay.  *See Lopez,* 512 Fed. Appx. at 1005 (denying equitable tolling where movant waited almost one year after receiving copy of appeal decision before filing his Section 2255); *Williams v. Thaler*, 400 Fed. Appx. 886, 891 (5th Cir. 2010) (to show reasonable

diligence the petitioner must "demonstrate that he quickly pursued federal habeas relief after receiving delayed notice of the denial of his state habeas application"); *cf. Hardy v. Quarterman,* 577 F.3d 596, 600 (5th Cir. 2009) (finding diligence where petitioner filed his federal petition within three days of learning of the denial of his state habeas application). At minimum, Cervantes could have filed a skeletal Section 2255 motion soon after being informed of the dismissal of his appeal, even while attempting to obtain information from counsel and unsuccessfully moving to recall the mandate in the Fifth Circuit. *See Lockingbill v. Cockrell,* 293 F.3d 256, 264 (5th Cir. 2002) (denying equitable tolling in part because the petitioner could have filed a *pro se* skeletal petition).

Finally, neither Cervantes' pro se status nor his unfamiliarity with the law suffices to establish a rare and exceptional circumstance for purposes of equitable tolling. *United States v. Petty*, 530 F.3d 361, 365-66 (5th Cir. 2008) (lack of legal training, ignorance of the law, and *pro se* status are insufficient to equitably toll the statute of limitations). While Cervantes alludes to his lack of proficiency in the English language, Doc. 2 at 2, Doc. 13 at 3, that is no basis for tolling the statute of limitations. *Turner v. Johnson,* 177 F.3d 390, 392 (5th Cir. 1999) ("It is irrelevant whether the unfamiliarity [with the law] is due to illiteracy or any other reason."); *Yang v. Archuleta*, 525 F.3d 925, 929-30 (10th Cir. 2008) (colleting cases finding lack of proficiency in the English language did not amount to extraordinary circumstances warranting equitable tolling).

### III. CONCLUSION

Based on all of the foregoing, the Court concludes that Cervantes' Section 2255 is untimely and that he has failed to carry his burden of establishing that equitable tolling is warranted in this case. Thus, Cervantes' motion to vacate sentence under 28 U.S.C. § 2255 should be **DISMISSED WITH PREJUDICE** as barred by the one-year statute of limitations.

*See* 28 U.S.C. § 2255(f).

**IT IS SO RECOMMENDED** on December 19, 2019.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); F̲ED̲. R. C̲IV̲. P. 72(b).  An objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute,* 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).